ROBERTS, Chief Justice.
By petition for writ of habeas corpus, Roland McAfee contends that when he was tried and sentenced to a term of twenty years for the crime of breaking and entering for purpose of committing a felony he was an unmarried minor and that the State failed to comply with the provision of § 932.38, Florida Statutes, F.S.A., regarding the notification of his parents or guardian. We issued the writ. The return of the respondent denied the allegation that petitioner’s parents were not notified but submitted no supporting evidence and therefore this court appointed a commissioner to hear testimony, make findings thereon and recommendations on the factual issues. Respondent filed an amendment to the return admitting the absence of any competent evidence of compliance with the requirements of § 932.38, but the commissioner having been appointed, this court delayed final decision until it could evaluate the recommendations of the commissioner.
Now, after a review of all the proceedings, we are compelled to conclude that the petitioner is being illegally restrained of his liberty under the purported convic *643 tion of the crime of breaking1 and entering for the purpose of committing a felony. He is accordingly discharged from custody under said judgment. However, he is remanded to the custody of respondent pending appropriate disposition of the aforesaid charge of breaking and entering for purpose of committing a felony. See Kinard v. Cochran, Fla., 113 So.2d 843; Giles v. Cochran, Fla., 129 So.2d 426. In the event the petitioner is again sentenced, due credit is to be given for the time served under the judgment here involved.
It is so ordered.
THOMAS, DREW, THORNAL and O’CONNELL, JJ., concur.